### 17045. GEORGIA MILITARY ACADEMY *v.* ROGERS.

STEPHENS, J. 1. Where a written application was made to the president of an educational institution for a "reservation" for the applicant's son as a pupil in the institution for the next school year, a written reply nine days later, from the president of the institution to the applicant, in the language next hereafter quoted, was sufficient to authorize an inference that the applicant's offer was accepted by the president of the institution and constituted a binding contract between the parties in accordance with the terms of the offer. The reply of the president of the institution was as follows: "We appreciate very keenly the opportunity which you are giving us to have charge of your son next year. Please say to your son that he is entering a school of high standards and strict discipline, with a body of teachers ever ready to promote his interests. You have made a wise decision, and I hope you will come to realize this more and more as he advances in his work here."

2. Where the application states that the applicant has examined the catalogue of the institution and makes application for "reservation" for his son for the next school year, and is enclosing a check for $10 "to complete this reservation if accepted by you," which check is to be applied on the charges as stated in the catalogue, which the applicant agrees to pay when due, and where the catalogue provides that all contracts made with parents or guardians are for the scholastic year unless otherwise expressly stipulated when pupils enter, and that the specified amount for tuition, board, etc., is to be paid in a certain amount on entrance and the balance at a stipulated period later during the term, which offer is accepted by the institution, the accepted offer constitutes a contract between the parties, by the terms of which the son is accepted by the institution as a pupil in the school for the entire scholastic year. This is true although the son may never have matriculated or entered the school.

3. Where, three days before the beginning of the school term, the parent notified the school authorities that he would not send his son to the school, and where the son did not enter the school or matriculate therein, and never did attend the school, this amounted to a tender by the parent of a breach of the contract; and whether or not such tender of breach was accepted, the school authorities, in a suit against the parent to recover on the contract, instituted after the expiration of the scholastic year and after the period within which the contract was to have been performed, were entitled to recover of the defendant in the amount of the plaintiff's proved damage for the breach of the contract. The petition set out a cause of action, and was good as against the demurrers interposed.

4. There being no question raised by demurrer as to whether or not the

petition, in which a recovery is sought for the full amount contracted to be paid by the defendant, sets out the legal measure of damages, this question is not here decided.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 29, 1926.

Complaint; from Randolph superior court—Judge Yeomans. November 3, 1925.

*Linton B. West, Herman Heyman, Dorsey, Howell & Heyman,* for plaintiff.

*James W. Harris,* for defendant.